# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| GABRIELITO RAMOS,<br><br>                                  Plaintiff,<br>  v.<br><br>VIACOM, as a successor by merger to the WESTINGHOUSE ELECTRIC CORPORATION,<br><br>                                  Defendant.<br>_____<br>VIACOM, a successor by merger to the WESTINGHOUSE ELECTRIC CORPORATION,<br><br>                             Third-Party Plaintiff,<br>  v.<br><br>BECHTEL CORPORATION, LOCKHEED MARTIN CORPORATION, Individually and as successor in interest to MARTIN MARIETTA CORPORATION, MARTIN MARIETTA ALIMINUM, INC., and MARTIN MERIETTA ALUMINUM PROPERTIES, INC.,<br><br>                             Third-Party Defendants.<br>_____ | 2003-CV-0006 |

TO:    John K. Dema, Esq.
         James L. Hymes, III, Esq.
         Andrew C. Simpson, Esq.
         David Altenbern, Esq.

### ORDER REGARDING EMERGENCY MOTION BY PLAINTIFF TO COMPEL DISCOVERY FROM THIRD PARTY DEFENDANT, [sic] BECHTEL CORPORATION

*Ramos v. Viacom*
2003-CV-0006
Order Regarding Plaintiff's Emergency Motion to Compel Discovery
Page 2

THIS MATTER came before the Court upon Emergency Motion by Plaintiff to Compel Discovery From Third Party Defendant, [sic] Bechtel Corporation (Docket No. 78). Third Party Defendant Bechtel Corporation (Bechtel) filed an opposition to said motion. A hearing was held upon said motion on October 22, 2007. John K. Dema, Esq., represented Plaintiff. Andrew C. Simpson, Esq., appeared on behalf of Third Party Defendant Bechtel Corporation.

Having heard the arguments of counsel and having reviewed the discovery requests at issue, the Court finds that the said requests exceed the number allowed by LRCi 34.1. However, the Court also finds that Bechtel's enumeration is erroneous.

Bechtel's reliance upon *Nyfield v. Virgin Islands Telephone Corp.*, 200 F.R.D. 246 (D.V.I. 2001) is misplaced. District Judge Finch has held that the standard for determining the number of discovery requests to be applied is found in *Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7 (D.D.C. 2004).[1] Memorandum Opinion, *Theobles v. Industrial Maintenance Company*, 2002-CV-0143, Division of St. Croix (D.V.I. November 27, 2006).

Rather than asking whether a single request can be divided into separate or "independent" questions, the analysis under *Banks* determines whether the questions are

---

1. Although both *Nyfield* and *Banks* specifically address interrogatories and the discovery at issue in the matter at bar are requests for production, The Court finds that the standard to be applied and the analysis for determining the number of requests are the same for both types of discovery.

*Ramos v. Viacom*
2003-CV-0006
Order Regarding Plaintiff's Emergency Motion to Compel Discovery
Page 3

"related to a single topic." *Banks*, 222 F.R.D. at 9. Only when the discovery request "introduces a new topic that is in a distinct field of inquiry" is the question to be treated as separate request. *Id*. at 9-10. In fact, *Theobles* overrules *Nyfield* "to the extent that it does not conform with this proposition of *Banks*." Memorandum Opinion at 2 n.1.

Under a *Banks* analysis and as demonstrated in *Theobles*, the Court makes the following findings with regard to each request for production that is disputed by Bechtel.

<u>Request For Production No. 1</u>: The Court agrees that the request for the contract is a distinct line of inquiry from the request for blueprints and design documents. Therefore, this Request constitutes two (2) separate requests.

<u>Request For Production No. 3</u>: This request seeks documents relating to the design, assembly, and installation of the Westinghouse Capacitor into the System. Despite the classification of these documents by the corporation, the requested documents all relate to the same topic, that is, how the Westinghouse Capacitor was "connected" or "integrated" into the System.

<u>Request For Production No. 4</u>: Even though, at first glance, this request appears to concern a single topic as in No. 3, this request seeks the contracts for the design of the System into which the Westinghouse Capacitor was integrated and the contracts for the assembly and

*Ramos v. Viacom*
2003-CV-0006
Order Regarding Plaintiff's Emergency Motion to Compel Discovery
Page 4

installation of the System. The Court finds that this constitutes two (2) separate topics of inquiry.

Request For Production No. 5: The Court finds the same two (2) separate topics as contained in Request For Production No. 4.

Request For Production No. 7: The Court agrees that the operation of the system is separate from the inspection of the system which, in turn, is separate from the maintenance of the system. Thus, the Court finds that this request counts as three requests.

Request For Production No. 8: Despite Plaintiff's attempt to subsume all the employers together into one request, the Court finds that the request actually identifies four (4) distinct and separate employers, namely, those employers of persons involved with the design, operation, inspection, and maintenance of the Westinghouse Capacitor and should be counted as four (4) requests.

Request For Production No. 11: While Bechtel counts this as three requests, the Court finds that the request centers around a single topic, namely, any changes or repairs to the system prior to Plaintiff's alleged accident. The Court considers this to be one (1) request.

Request For Production No. 12: The inquiry in this request regarding capacitors similar to the Westinghouse Capacitor appears to be a single inquiry, similar to Request No. 3. However, the Court finds that the process of selection, the purchase, and the use of these

*Ramos v. Viacom*
2003-CV-0006
Order Regarding Plaintiff's Emergency Motion to Compel Discovery
Page 5

similar capacitors are three distinctly different lines of inquiry. Therefore, the Court counts this request as three (3).

Request For Production No. 13: The request inquires into the knowledge of certain risks "presented by the use of improperly fused" capacitors. The Court counts this as one (1) request.

Request For Production No. 14: Similar to Request No. 13, this request inquires into the knowledge of certain risks "presented by the use of capacitors lacking protective fuses." The Court also count this as one (1) request.

Request For Production No. 15: The Court finds this request contains a single topic of inquiry, namely, warnings, etc. that were issued concerning risks of using any capacitors in the System.

At this point, the Court has counted twenty-five (25) separate requests and deems requests numbered 16-24 as exceeding the number allowed. Consequently, Third Party Defendant Bechtel Corporation shall produce all documents responsive to requests numbered 1-15, but need not respond to the other requests.

With regard to the document requests included with the 30(b)(6) deposition notice, the Court finds that documents identified in Nos. 1-8 and 11-13 do "track" or are duplicative of Request For Production Nos. 1, 4-7, 10, and 12-15. However, documents

*Ramos v. Viacom*
2003-CV-0006
Order Regarding Plaintiff's Emergency Motion to Compel Discovery
Page 6

numbered 9 and 10 are completely new and Nos. 14-18 are duplicative of Requests For Production Nos. 16-18, 20, and 21, which all exceed the number allowed. The Court finds that Third Party Defendant Bechtel Corporation need not respond separately to any of the documents requested as part of the 30(b)(6) deposition notice.

Accordingly, it is now hereby **ORDERED**:

1. Emergency Motion by Plaintiff to Compel Discovery From Third Party Defendant, [sic] Bechtel Corporation (Docket No. 78) is **GRANTED IN PART AND DENIED IN PART**.

2. Third Party Defendant Bechtel Corporation shall produce documents responsive to Plaintiff's Request For Production of Documents Nos. 1-15 at or before the 30(b)(6) deposition of Bechtel scheduled for October 25, 2007.

ENTER:

Dated: October 23, 2007                                   /s/
                                                GEORGE W. CANNON, JR.
                                                U.S. MAGISTRATE JUDGE